UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL HERRERA-GARCIA, | No. 2:16-cv-2832 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CCI TEHACHAPI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

/////

1

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3  The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15 In order to avoid dismissal for failure to state a claim a complaint must contain more than
16 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
20 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
21 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
23 at 678.  When considering whether a complaint states a claim upon which relief can be granted,
24 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
25 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
26 U.S. 232, 236 (1974).
27 /////
28 /////

1   After having conducted the required screening, the court finds that plaintiff's complaint
2   fails to state a claim upon which relief can be granted.  Plaintiff's complaint must be dismissed.
3   The court will, however, grant leave to file an amended complaint.

4   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
5   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
6   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff's allegations concern deprivation of property.
7   Plaintiff is informed that the United States Supreme Court has held that "an unauthorized
8   intentional deprivation of property by a state employee does not constitute a violation of the
9   procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
10  post deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).
11  Thus, where the state provides a meaningful post deprivation remedy, only authorized, intentional
12  deprivations constitute actionable violations of the Due Process Clause.  An authorized
13  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
14  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg,
15  832 F.2d 1142, 1149 (9th Cir. 1987).

16  Also, plaintiff's amended complaint must allege in specific terms how each named
17  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
18  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo
19  v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official
20  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
21  268 (9th Cir. 1982).  Finally, plaintiff cannot sue the State of California, its departments or
22  agencies as they are immune from suit under the Eleventh Amendment.  See Dittman v.
23  California, 191 F.3d 1020, 1025-26 (1999).

24  The court cannot refer to a prior pleading in order to make plaintiff's amended complaint
25  complete. Local Rule 220 requires that an amended complaint be complete in itself without
26  reference to any prior pleading.  This is because, as a general rule, an amended complaint
27  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
28  plaintiff files an amended complaint, the original pleading no longer serves any function in the

1 | case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
2 | involvement of each defendant must be sufficiently alleged.
3 |     In accordance with the above, IT IS HEREBY ORDERED that:
4 |     1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5 & 8) is granted.
5 |     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
6 | shall be collected and paid in accordance with this court's order to the Director of the California
7 | Department of Corrections and Rehabilitation filed concurrently herewith.
8 |     3.  Plaintiff's complaint is dismissed.
9 |     4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
10 | complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
11 | Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket
12 | number assigned this case and must be labeled "Amended Complaint."  Failure to file an
13 | amended complaint in accordance with this order will result in a recommendation that this action
14 | be dismissed.
15 | Dated:  March 22, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
herr2832.14